Date signed July 21, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                  :

DANIELE FRANCESCA DEMENT    :    Case No. 10-25774PM
                                            :            Chapter 7

          Debtor                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

       Before the court is Debtor's Application to Proceed in *forma pauperis* (the "Application"). In the Application, Debtor states that she has no monthly income, that her monthly expenses total $4,000.00, and that she is unable to pay the filing fee because she currently is not working or receiving child support. Debtor states that she has filed for bankruptcy relief during the past eight years but does not provide any additional details about her previous filings.

       Based upon a review of the court's records, it appears that the above-captioned case is Debtor's thirteenth bankruptcy filing. The court notes that Debtor received a chapter 7 discharge in Case No. 96-19883 on March 19, 1997, and again in Case No. 02-23624 on March 17, 2003.[1] Each of the six prior bankruptcy cases filed by Debtor in the past three years has been dismissed. All that Debtor could possibly accomplish by the filing this case was the imposition of the stay of 11 U.S.C. § 362(a) in a further effort to stall her creditors, as was done

---

[1] 11 U.S.C. § 727(a)(8) bars her from receiving a chapter 7 discharge in the present case that was filed within 8 years of the filing of Case No. 02-23624.

in the several cases listed in the appendix to this decision.  However, Debtor filed two cases within the previous year and therefore is subject to 11 U.S.C. § 362(c)(4)(A)(i) that provides that the automatic stay of 11 U.S.C. § 362(a) does not go into effect upon the filing of this case.

Given the Debtor's lengthy history of bankruptcy filings, and the objective futility of this cases, the court will consider the appropriateness of granting the Application filed pursuant to 28 U.S.C. § 1930(f)(1), that governs the waiver of filing fees in bankruptcy cases: "Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line ... applicable to a family of the size involved and is unable to pay that fee in installments."   The use of the word "may" is instructive.  "In construing statutory terms in accordance with their 'ordinary or natural meanings [s],' as we must, it is uncontroversial that the term 'shall' customarily connotes a command, whereas the term 'may' typically indicates authorization without obligation." *Air Line Pilots Ass'n, Int'l v. U.S. Airways Group, Inc.*, 2010 WL 2510661, at *3 (CA4 June 23, 2010) (internal citation omitted).[2]   The court therefore is not required to approve the Application solely because Debtor has met the income requirements for proceeding in *forma pauperis*.  *See In re Gould*, 2008 WL 1891892, at *1 (BC N.D. Ohio April 28, 2008) ("By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory[.]").

In deciding whether to approve the Application, the court will look at the totality of the circumstances. *See Gould, supra* (citing *In re Stickney*, 370 B.R. 31 (BC N.H. 2007)). The Debtor has filed only a "bare bones" petition in the instant matter.  Therefore, given the limited information about Debtor's current financial situation, as well as the lack of relief available to Debtor in this case, the Debtor's history of frivolous bankruptcy filings becomes a paramount consideration.  Debtor has given the court no reason to believe that the instant case is any different than those that came before it.  Having determined that Debtor's latest filing is frivolous, the court will not only deny the Application but, guided by the wording of 28 U.S.C. §

---

[2]Bryan A. Garner, now the editor of *Black's Law Dictionary*, has urged the use of the word "may" where the subject "has discretion to," "is permitted to" or "has a right to" do something and the use of the word "must", rather than "shall", when the subject is required to do something.  *See* Bryan A. Garner, *Guidelines For Drafting and Editing Court Rules* 29 (Administrative Office of the United States Courts, 1996).

1915(e)(2)(B), a similar statute providing for the waiver of filing fees in civil cases, the court will dismiss this case.

      An appropriate order will be entered.


cc:    Debtor
        Chapter 13 Trustee

**End of Memorandum of Decision**

**DEBTOR'S BANKRUPTCY FILINGS**

1) 96-19883 (Ch.7) - filed 11/22/96; received discharge on 3/19/97; filing fee paid.

2) 00-13844 (Ch. 13) - filed 4/5/00; dismissed on 7/16/01 on Trustee's motion to dismiss for material default; filing fee paid.

3) 01-22594 (Ch. 13) - filed 10/16/01; dismissed on Debtor's motion on 2/27/02; filing fee paid.

4) 02-23624 (Ch. 7) - filed 11/2/02; received discharge on 3/17/03; filing fee paid in installments.

5) 07-10686 (Ch. 13)  - filed 1/23/07; dismissed on 7/2/07 after failure to confirm plan; filing fee paid in installments.

6) 07-17823 (Ch. 13) - filed 8/20/07; dismissed on Debtor's motion on 4/10/08; filing fee paid.

7) 08-17744 (Ch. 13)  - filed 6/11/08; dismissed 9/24/08 for failure to attend meeting of creditors; application to pay filing fee in installments approved; case dismissed before full payment of fee.

8) 09-10477 (Ch. 13) - filed 1/12/09; dismissed on 2/17/09 for failure to complete required filings; application to pay filing fee in installments denied.

9) 09-14968 (Ch. 13) - filed 3/24/09; dismissed 6/30/09 for failure to attend meeting of creditors; application to pay filing fee in installments denied.

10) 09-26402 (Ch. 7) - filed 9/1/09; dismissed 10/13/09 for failure to complete required filings; application to proceed in forma pauperis was filed but no order was entered thereon.

11) 09-33041 (Ch. 13)  - filed 11/25/09; dismissed 12/1/09 for failure to pay filing fee.

12) 10-10708 (Ch. 13)  - filed 1/12/10; dismissed 2/23/10 for failure to complete required filings; application to pay filing fee in installments denied.

13) 10-25774 (Ch. 7) - filed 7/14/10.